

**IT IS SO ORDERED.**
**Signed March 12, 2014**

**Arthur S. Weissbrodt**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 13-54819-ASW |
| SOBAREA RANCHES, LLC, | Chapter 11 |
| Debtor. | |
| SOBAREA RANCHES, LLC, and GARY E. HANSEN, | Adv. Pro. No. 13-05182-ASW |
| Plaintiffs, | Hearing Date: Feb. 27, 2014<br>Hearing Time: 3:00 p.m. |
| v. | |
| SALLY SOBEK, Executrix of the Estate of Dale W. Sobek, Deceased, SALLY SOBEK, Individually, and 6000 S Corporation, | |
| Defendants. | |

**MEMORANDUM DECISION GRANTING IN PART**
**AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**

Before the Court is the motion of Defendants Sally Sobek,

individually and as executrix of the estate of Dale W. Sobek, and

6000 S Corporation, to dismiss Plaintiffs' complaint pursuant to

Fed. R. Civ. P. 12(b)(1) and (b)(6), applicable in bankruptcy via

Fed. R. Bankr. P. 7012.  Plaintiff Sobarea Ranches, LLC ("Debtor"),

Case: 13-05182   Doc# 30   Filed: 03/12/14   Entered: 03/13/14 10:01:56   Page 1 of 9

1  which is represented by attorney Charles Greene, opposes the

2  motion.  The Court issued a tentative decision on February 26,

3  2014, and the parties argued the motion on February 27, 2014.  This

4  memorandum decision clarifies portions of the Court's tentative

5  decision.

6      Under Fed. R. Civ. P. 12(b)(1), the court must dismiss a

7  complaint for lack of subject matter jurisdiction.  Under Fed. R.

8  Civ. P. 12(b)(6), a court must dismiss a complaint if it fails to

9  state a claim upon which relief can be granted.  To survive a Fed.

10 R. Civ. P. 12(b)(6) motion to dismiss, the plaintiff must allege

11 "enough facts to state a claim to relief that is plausible on its

12 face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

13 This standard requires the plaintiff to allege facts that add up to

14 "more than a sheer possibility that a defendant has acted

15 unlawfully."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

16 Plaintiff must provide "more than labels and conclusions, and a

17 formulaic recitation of the elements of a cause of action will not

18 do."  Id.

19     In deciding whether the plaintiff has stated a claim upon

20 which relief can be granted, the Court must assume that the

21 plaintiff's allegations are true and must draw all reasonable

22 inferences in favor of the nonmoving party.  Usher v. City of Los

23 Angeles, 828 F.2d 556, 561 (9th Cir. 1987).

24     Debtor filed a chapter 11 petition on September 11, 2013.  At

25 the time of filing, Debtor was a plaintiff in litigation in Santa

26 Clara County Superior Court (the "State Court Action").  The

27 original complaint was filed on May 10, 2012.  Plaintiffs filed a

28 First Amended Complaint ("FAC") on July 9, 2013.  The FAC pleads

six causes of action: (1) breach of fiduciary duty and imposition of a trust; (2) breach of contract; (3) accounting; (4) appointment of a receiver or special master; (5) declaratory relief; (6) injunctive relief; and (7) indemnity.  Defendants filed a cross-complaint for dissolution of the partnership.  Debtor removed the State Court Action to this Court on December 12, 2013.

Defendants move for dismissal of the FAC under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.  Alternatively, Defendants move for dismissal of the third, fourth, sixth, and seventh causes of action under Fed. R. Civ. P. 12(b)(6).

1. <u>Lack of Subject Matter Jurisdiction</u>

Defendants argue that this Court lacks subject matter jurisdiction over the adversary proceeding because the state court sustained Defendants' demurrer to the FAC by order entered on September 6, 2013.  Defendants' demurrer was based on the fact that Plaintiffs had not complied with Cal. Prob. Code § 9351, which provides that an action may not be commenced against a decedent's personal representative on a cause of action against the decedent unless a claim is first filed in probate court, and the claim is rejected.  The state court sustained the demurrer and granted 10 days' leave to amend.

The parties agree that the 10-day period to amend the complaint would have expired on October 16, 2013 (calculated from the date the notice of order was served, pursuant to Cal. Civ. Pro. Code § 472b, plus mailing time, pursuant to Cal. Civ. Pro. Code § 1013).  As noted, Debtor filed its chapter 11 case on September

1  11, 2013, prior to the expiration of the time for amending the

2  complaint.

3      On October 17, 2013, Defendants' counsel, Andrew Watters, sent

4  a letter to the state court judge, Judge McKenney, notifying the

5  judge that the time for Plaintiffs to amend their complaint had

6  passed, and stating that "[t]he action is stayed as to Plaintiff

7  Sobarea Ranches LLC, which is in chapter 11 bankruptcy." The

8  letter requested that Judge McKenney dismiss the FAC as to

9  Plaintiff Gary Hansen only, on the ground that the action was not

10 stayed as to Mr. Hansen.[1]  Judge McKenney did not sign the proposed

11 judgment dismissing Mr. Hansen, but rather drew a line across the

12 front of the proposed judgment with the notation "12-17-13 Case

13 stayed by bankruptcy."

14     Defendants contend that the automatic stay did not operate to

15 stay the litigation because Debtor is a plaintiff.  Although

16 Defendants cite no case law, this contention is generally correct.

17 See, e.g., Brown v. Armstrong, 949 F.2d 1007, 1009-1010 (8th Cir.

18 1991).  However, Defendants do not address the status of the cross-

19 complaint or whether the existence of a cross-complaint makes any

20 difference to their argument that the stay does not apply.

21     Alternatively, Defendants argue that under § 108(b) the Debtor

22 did not timely amend the FAC.  That section provides:

23     (b) Except as provided in subsection (a) of this section,
   if applicable nonbankruptcy law, an order entered in a
24     nonbankruptcy proceeding, or an agreement fixes a period
   within which the debtor . . . may file any pleading,

25

---

26     [1]The copy of the letter filed with Debtor's opposition is not
   signed or authenticated in a declaration, but Defendants
27 acknowledged in their reply, "[w]e are aware that Counsel for
   Creditor on October 17, 2013, incorrectly stated in his
28 correspondence with Judge McKenney that the State Court litigation
   is stayed with respect to the Debtor . . . ."

1   demand, notice, or proof of claim or loss, cure a
    default, or perform any other similar act, and such
2   period has not expired before the date of the filing of
    the petition, the trustee may only file, cure, or
3   perform, as the case may be, before the later of--

4   (1) the end of such period, including any suspension of
    such period occurring on or after the commencement of the
5   case; or

6   (2) 60 days after the order for relief.

7   Regardless of whether the stay applied, the state court

8   treated the litigation as stayed, apparently in reliance upon

9   counsel's letter.  Therefore, Defendants are judicially estopped

10  from arguing in this proceeding that the stay was not in effect.

11  In determining whether to apply judicial estoppel, courts are to

12  consider whether a party's later position is clearly inconsistent

13  with its earlier position; whether the party has succeeded in

14  persuading a court to accept that party's earlier position; and

15  whether the party seeking to assert the inconsistent position would

16  derive an unfair advantage or impose an unfair detriment on the

17  opposing party if not estopped.  New Hampshire v. Maine, 532 U.S.

18  742, 749-50 (2001).  The Court finds that all of these elements are

19  met.  Defendants' position in this motion is clearly inconsistent

20  with its position taken in the letter to Judge McKenney.  Further,

21  regardless of whether Defendants' counsel was mistaken in informing

22  Judge McKenney that the State Court Action was stayed by Debtor's

23  bankruptcy filing, Judge McKenney relied on that representation in

24  declining to dismiss the FAC.  Finally, permitting Defendants to

25  take the position that the automatic stay did not operate to stay

26  the State Court Action would prejudice Debtor by precluding Debtor

27  from amending the FAC.

28

1    Section 108(b) does not dictate a different result, because

2  that statute provides that a pleading would need to be filed by the

3  deadline set by the court, "including any suspension of such period

4  occurring on or after the commencement of the case."  Judge

5  McKenney implicitly suspended the deadline after being notified

6  that Debtor had filed bankruptcy.

7    The Court gives full faith and credit to the state court's

8  grant of Defendants' demurrer in the state court litigation.

9  However, Defendants' motion to dismiss on the ground that

10  Plaintiffs failed to timely amend their complaint is denied for the

11  reasons set forth above.

12

13    2. <u>Failure to State a Claim</u>

14    Alternatively, Defendants argue that the third, fourth and

15  sixth causes of action should be dismissed because those claims are

16  remedies rather than causes of action.  The claims are,

17  respectively, for an accounting, for appointment of a receiver or

18  special master, and for an injunction.  Defendants are correct that

19  these causes of action are remedies and, as such, are distinct from

20  causes of action.  <u>See</u> <u>Davis v. Passman</u>, 442 U.S. 228, 239 (1979)

21  (whether a litigant has a cause of action is analytically distinct

22  and prior to the question of what relief a litigant may be entitled

23  to receive); <u>Williams v. Walsh</u>, 558 F.2d 667, 670-71 (2d Cir.

24  1977).  The Court will grant the motion to dismiss these causes of

25  action but will grant leave to amend so that Plaintiffs may clarify

26  the bases for the remedies sought.

27    With respect to the seventh cause of action – for indemnity

28  against Dale Sobek for failure to file tax returns – Defendants

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

1  argue that this claim is not ripe for adjudication because

2  Plaintiffs have not yet suffered any damages.  The elements of a

3  cause of action for indemnity under California law are: (1) a

4  showing of fault on the part of the indemnitor; and (2) resulting

5  damages to the indemnitee for which the indemnitor is equitably

6  responsible.  <u>Bailey v. Safeway, Inc.</u>, 199 Cal. App. 4th 206, 217

7  (2011).  The FAC alleges that Mr. Sobek was the tax matters partner

8  of the LLC and was responsible for preparing tax returns, but did

9  not do so.  The FAC further alleges that "[t]hroughout the term of

10 [Sobarea Ranches, LLC] Plaintiffs have incurred damages in an

11 unknown amount presently unknown and subject to proof at trial

12 arising from Dale Sobek's failure to perform his duties as [Sobarea

13 Ranches, LLC's] tax matters partner and from his false reporting of

14 [Sobarea Ranches, LLC's] losses[.]"

15      The Court finds that these allegations are sufficient to state

16 a cause of action for indemnity.  A motion to dismiss under Fed. R.

17 Civ. P. 12(b)(6) tests only the sufficiency of the pleadings, and

18 all of the allegations in the complaint are accepted as true.  The

19 FAC includes an allegation that Plaintiffs suffered damages.

20 Whether Plaintiffs can prove damages, and in what amount, is to be

21 determined upon submission of appropriate evidence, either at trial

22 or on summary judgment.  Therefore, the motion is denied with

23 respect to this claim.

24      For the reasons stated above, the Court accepts the state

25 court's ruling sustaining Defendants' demurrer to the FAC but

26 denies the motion to dismiss on the basis that the complaint was

27 not timely amended.  The Court denies the motion to dismiss the

28 seventh cause of action for indemnity under Fed. R. Civ. P.

12(b)(6).  The Court grants Defendants' motion as to the third, fourth, and sixth causes of action.  Leave is granted to amend the FAC.  Plaintiffs may may file an amended complaint within 40 days of the Court's ruling on Debtor's application to employ Judith Rentschler as special counsel.  Defendants' counsel shall submit a proposed form of order.

**\*\*\* END OF MEMORANDUM DECISION \*\*\***

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

**Court Service List**

All parties are ECF participants

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28